## PROMISSORY NOTE

$1,500,000.00                                              **February 2, 2016**
                                                          **Little Canada, Minnesota**

FOR VALUE RECEIVED, the undersigned, **INFRASTRUCTURE DEVELOPMENT COOPERATIVE**, **LCA** a Washington, DC limited cooperative association, (the "Borrower"), by executing this promissory note (the "Note"), hereby promises to pay to the order of the **Indian Land Capital Company**, **LLC**, a limited liability company organized under the laws of the State of Minnesota (the "Lender"), at 151 East County Road B2, Little Canada, Minnesota 55117, or at such other place as Lender may direct, in lawful money of the United States of America constituting legal tender in payment of all debts and dues, public and private, together with interest thereon calculated at the rate and in the manner set forth herein and other charges owed to Lender as provided in the Loan Agreement (defined below), the principal amount of **ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS (U.S.) ($1,500,000.00 U.S.).** Payment of principal and interest shall be in accordance with the following provisions:

    **1.**     **Principal and Interest.**

    **(a)**     On August 31, 2017, Borrower shall pay all remaining unpaid and outstanding principal and accrued interest and other charges.

    **(b)**     The Loan Maturity Date shall be August 31, 2017 ("Loan Maturity Date BORROWER ACKNOWLEDGES THAT THERE IS A BALLOO   PAYMENT UNDER THE TERMS OF THIS NOTE.

    **(c)**     The applicable interest rate hereunder (the "Applicable Rate") shall be equal to the 10.00% (fixed).

    **2.**     **Disbursements.** Proceeds of the Loan will be disbursed by Lender to Borrower in accordance with the Loan Agreement.

    **3.**     **Additional Provisions Regarding Interest.** Interest on all principal amounts outstanding from time to time hereunder shall be calculated on the basis of a 360-day year applied to the actual number of days upon which principal is outstanding, by multiplying the product of the principal amount and the Applicable Rate set forth herein by the actual number of days elapsed, and dividing by 360.

    **4.**     **Prepayment.** This Note may be prepaid in whole or in part, at any time during the term of this Note without penalty.

    **5.**     **Loan Agreement.** This Note is issued under the terms of the Loan Agreeme (the "Loan Agreement") between Lender and Borrower to which reference is made  or a statement of the terms and conditions under which the indebtedness was incurred and under

which Lender may accelerate Borrower's obligation to make payments hereunder. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such term in the Loan Agreement. In the event of a conflict between this Note and the Loan Agreement, the terms of the Loan Agreement shall prevail.

      6.    **Use of Proceeds**.  Borrower shall use proceeds under this Note solely for the purposes allowed under the Loan Agreement.

      7.    **Events of Default**.  Upon the occurrence of any one or more of the following events ("Events of Default"):

      (a)    Failure to make any payment of the principal of or interest, other charges or amounts on this Note on the date when due and payable; or

      (b)    The occurrence of any Event of Default specified in this Note or the Transaction Documents; or

      (c)    The occurrence of any Event of Default in any other instrument or agreement executed in connection with or securing this Note which is not cured within any cure period provided with respect thereto (if any);

then, or at any time thereafter during the continuance of any such event, the Lender may give notice of such Event of Default to the Borrower and declare this Note and indebtedness evidenced hereby to be forthwith due and payable, whereupon this Note and the indebtedness evidenced hereby shall become forthwith due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in the Loan Agreement or in any other instrument executed in connection with or securing this Note to the contrary notwithstanding. Lender shall be entitled to all remedies under the Loan Agreement.

      8.    **Late Payment and Default Rate**.  Should any payment by Borrower to Lender be paid more than ten (10) days after the due date, Borrower will pay a late charge of 5.0% of the late amount.  Upon the Loan Maturity Date, or upon the occurrence of an Event of Default, any remaining unpaid amounts shall thereafter bear interest at the rate of 5% above the Applicable Rate.

      9.    **Usury Interest**.  Nothing contained herein, nor any transaction related hereto, shall be construed or so operate as to require Borrower to pay, or the Lender to accept, interest at a rate greater than it is lawful in such case to contract for, or to make any payment or to do any act contrary to law. It is understood and agreed that in the event that the payment of any interest due hereunder would subject the Lender hereof to any penalty under applicable law, then *ipso facto* the obligations of the undersigned to make such payment shall be reduced to the highest rate authorized under applicable law, and that if any clauses or provisions contained herein or in any of the other Transaction Documents operate or would prospectively operate to invalidate this Note or any of the other Transaction Documents, in whole or in part, then only such clauses or provisions shall be held to be invalid.

10. **No Waiver or Release**. If any default be made as herein set forth, the failure of the Lender hereof promptly to exercise its right to declare the principal remaining unmatured hereunder to be immediately due and payable shall not constitute a waiver of such right while such default continues nor a waiver of such right in connection with any future default on the part of the Borrower. It is expressly understood and agreed that the Borrower shall not be released from liability hereon by reason of any forbearance or extension of time granted, with or without notice or consent of the Borrower.

11. **Waivers**. Borrower hereby waives demand, presentment for payment, notice of dishonor, protest, and notice of protest and diligence in collection or bringing suit and agrees that the Lender may accept partial payment, or release or exchange security or collateral, without discharging or releasing any unreleased collateral or the obligations evidenced hereby. Borrower further waives any and all rights of exemption, both as to personal and real property, under the constitution or laws of the United States and any other applicable law.

12. **Attorneys' Fees**. Borrower agrees to pay reasonable attorneys' fees and costs incurred by the Lender in collecting or attempting to collect this Note, whether by suit or otherwise.

13. **Miscellaneous**. As used herein, the terms "**Borrower**" and "**Lender**" shall be deemed to include their respective successors, legal representatives and permitted assigns, whether by voluntary action of the parties or by operation of law. This Note is given under the seal of all parties hereto, and it is intended that this Note is and shall constitute and have the effect of a sealed instrument according to law.

14. **Governing Law.** This Note, the Loan Agreement and the other Transaction Documents and the rights and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the State of Minnesota, including the laws related to the Uniform Commercial Code adopted by said State, without regard to the conflicts of law rule of such Tribe or State.

15. **Binding Arbitration.** Any dispute, claim or controversy arising out of or relating to this Note or the Loan Agreement or any of the other Transaction Documents or the breach hereof or thereof, or the making of the Loan (as defined in the Loan Agreement), including, but not limited to claims of fraud in the inducement (hereafter referred to as the "Financing Disputes"), shall be settled by arbitration under the rules of commercial arbitration of the American Arbitration Association (the "AAA") and Title 9 of the U.S. Code, as modified by this Section, and conducted at a location chosen by the Lender in Minneapolis, Minnesota.

Any party may, by written notice to the other party after such a dispute, claim or controversy has arisen hereunder, appoint one arbitrator. The other party shall, by written notice, within twenty (20) days after the receipt of such notice by the first party, appoint a second arbitrator, and in default of such appointment the first arbitrator appointed shall be the sole arbitrator. When two (2) arbitrators have been appointed as hereinabove provided, they shall, if possible, agree on a third arbitrator who shall be appointed by written notice signed by both of them within thirty (30) days thereafter with a copy mailed to each party hereto within ten (10)



days after such appointment; provided that if the two arbitrators cannot agree upon a third, they shall apply to the AAA for such appointment whose decision shall be final.

No arbitrator shall be related to or affiliated with, or shall have represented in a legal capacity any party hereto. The arbitrators shall apply the governing law specified in Section 14, and shall follow such rules of discovery and evidence as the United States District Court for the State of Minnesota would apply. Within sixty (60) days of the end of the arbitration proceeding, and after receiving evidence and hearing witnesses, if any, the arbitrators shall render their award, accompanied by findings of fact and a statement of reasons for the decision. The arbitrators shall have the authority to award in connection with a Financing Dispute any remedy or relief that a court of competent jurisdiction could order or grant, including, without limitation, equitable remedies, specific performance of any obligation created under this Note or any other Transaction Document, and the issuance of an injunction. The award of the majority of the arbitrators shall be conclusive and binding upon the parties. Any award rendered therein may be entered in any court of competent jurisdiction. Judgment on any final arbitration award may be entered in any court of competent jurisdiction. Any review of the arbitration decision and award shall be limited to enforcement of the decision and award and the findings of the arbitrator(s) shall not be re-litigated. The parties further acknowledge and agree that any party may apply to any court of competent jurisdiction, and seek injunctive relief so as to maintain the status quo until such time as the arbitration award is rendered or the controversy is otherwise resolved. Each of the parties hereby agrees that this arbitration provision is valid and enforceable and therefore waives any defense or assertion to the contrary.

17. **Modification.** This Note may not be modified except by written agreement signed by the Borrower and the Lender, or by their respective successors or assigns.

18. **JURY WAIVER.** THE BORROWER AND THE LENDER (BY THEIR ACCEPTANCE HEREOF) HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY RIGHT TO HAVE A JURY PARTICIPATE IN RESOLVING ANY DISPUTE (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) BETWEEN OR AMONG THE UNDERSIGNED AND LENDER ARISING OUT OF OR IN ANY WAY RELATED TO THIS NOTE OR ANY OF THE OTHER TRANSACTION DOCUMENTS, THE TRANSACTIONS CONTEMPLATED HEREIN OR THEREIN OR ANY RELATIONSHIP BETWEEN THE UNDERSIGNED AND LENDER. THIS PROVISION IS A MATERIAL INDUCEMENT TO LENDER TO PROVIDE THE FINANCING DESCRIBED HEREIN OR IN THE OTHER TRANSACTION DOCUMENTS.

IN WITNESS WHEREOF, Borrower has caused this Note to be executed, sealed and delivered as of the date first set forth above, although actually executed on the date or dates reflected below.

**BORROWER:**

**INFRASTRUCTURE DEVELOPMENT COOPERATIVE, LCA**

By: _____/s/ Arthur Angle/_____
Arthur Angle, President

STATE OF _____    )
                          ) ss.
COUNTY OF _____    )

The foregoing instrument was acknowledged before me this ____ day of _____, 2016, by _____, as President of the Infrastructure Development Cooperative.

Witness my hand and official seal.
My commission expires: _____

_____
Notary Public

5

Promissory Note
118833585_2

Initial /s/

# California All-Purpose Acknowledgement

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __Butte__

On __2/2/16__ before me,
__Maria Hunzeker_____ Notary Public,
Name & Title of Officer

personally appeared __Arthur Angle, President of the Infrastructure Development Cooperative__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signatures(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand & official seal                    Notary Seal

__Maria Hunzeker__
Signature of Notary Public



MARIA HUNZEKER
Commission # 2032626
Notary Public - California
Butte County
My Comm. Expires Aug 2, 2017